IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

STEVEN F. COX, KELLY FREEMAN,
RUFUS IRVIN, KEITH FASON,
ERNIE KIRK, and DAVID NAGY,
Individually and on behalf of all
similarly situated persons,

    Plaintiffs,

v.                                                    No. 1:19-cv-01026-JDB-jay

CITY OF JACKSON, TENNESSEE,

    Defendant.

---

ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

---

*INTRODUCTION AND BACKGROUND*

This action was initiated on February 11, 2019, by Plaintiffs Steven F. Cox and Kelly Freeman against the City of Jackson, Tennessee (the "City"); Chief of Police Julien Wiser; and City Court Clerk Daryl Hubbard pursuant to 42 U.S.C. § 1983. (Docket Entry ("D.E.") 1.) An amended complaint filed May 31, 2019, added Plaintiffs Rufus Irvin, Keith Fason, Ernie Kirk, and David Nagy and named the City as the sole Defendant. (D.E. 33.) The Plaintiffs sued individually and on behalf of all persons similarly situated.[1] Pending before the Court is the City's motion for judgment on the pleadings. (D.E. 44.) Plaintiffs have responded (D.E. 45), the Defendant has replied (D.E. 46), the Plaintiffs have sur-replied (D.E. 50), and the Defendant has responded to the sur-reply (D.E. 53).

---

[1] In the complaint, Plaintiffs sought certification as a class under Rule 23(a) of the Federal Rules of Civil Procedure. The request has been referred to the magistrate judge for report and recommendation and/or determination. (D.E. 37.)

## STANDARD OF REVIEW

The instant motion is governed by Rule 12(c) of the Federal Rules of Civil Procedure, which permits a party to move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). The same review standard is applied to motions brought under Rule 12(c) as to those filed under Rule 12(b)(6). *Hindel v. Husted*, 875 F.3d 344, 346 (6th Cir. 2017). That is, in analyzing a Rule 12(c) motion, courts are to "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true to determine whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Jackson v. City of Cleveland*, 925 F.3d 793, 806 (6th Cir. 2019) (internal alterations & quotation marks omitted), *reh'g en banc denied* (June 27, 2019). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bullington v. Bedford Cty., Tenn.*, 905 F.3d 467, 469 (6th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## PLAINTIFFS' ALLEGATIONS

The amended complaint alleges the following. Plaintiff Cox was arrested by Jackson Police Department officers on March 1, 2018, and charged in Jackson City Court with aggravated assault and kidnapping. He was detained until the next day. On January 8, 2017, Freeman was arrested and charged with driving under the influence. She was also released the following day. Irvin was arrested on January 11, 2017, and charged with public intoxication. He remained in custody until January 23, 2017. Fason was taken into custody on March 8, 2016, and charged with driving on a revoked driver license and evading arrest. His detention ended on March 24, 2016. Kirk's arrest occurred on April 8, 2017, leading to a charge of driving on a revoked or suspended license. He was held in custody until April 17, 2017. Nagy was arrested on January 11, 2017, for

driving on a revoked or suspended license and released on February 17, 2017.

Plaintiffs allege that the City violated their constitutional rights under the Fourth and Fourteenth Amendments by failing to obtain properly sworn arrest warrants and/or affidavits of complaint based upon a finding of probable cause prior to arresting and detaining them, and that the municipality had an ongoing practice, policy, or custom of doing so. Plaintiffs further aver that the Defendant failed to properly train its employees in the appropriate procedures to be utilized in obtaining arrest warrants and/or affidavits of complaint. In addition, the Plaintiffs allege conspiracy among City employees to deprive them of their constitutional rights. The Plaintiffs seek compensatory and punitive damages, as well as declaratory and injunctive relief.

*GOVERNING LAW*

Section 1983 Generally.

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To state a claim under the statute, a plaintiff must allege two elements: (1) "the defendant acted under color of state law" and (2) "the defendant's conduct deprived the plaintiff of rights secured under federal law." *King v. United States*, 917 F.3d 409, 432 (6th Cir. 2019), *reh'g en banc denied* (May 28, 2019).

Municipal Liability.

"Municipalities may be held liable under § 1983 for constitutional violations

committed by their employees if the violations result from municipal practices or policies." *Baker v. City of Trenton*, 936 F.3d 523, 535 (6th Cir. 2019) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). "Along with identifying the conduct properly attributable to the municipality, a plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Rayfield v. City of Grand Rapids, Mich.*, 768 F. App'x 495, 510 (6th Cir. 2019) (citing *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)) (internal quotation marks & emphasis omitted).

## *THE DEFENDANT'S MOTION AND ANALYSIS*

The City seeks judgment on the pleadings on the following bases:

1. Plaintiffs have failed to allege facts from which the Court could reasonably infer that their arrests were without probable cause.

2. Cox and Freeman were released the day after their arrests; therefore, they do not have a claim for detention beyond a reasonable time without a probable cause determination.

3. Freeman, Fason, Irvin, Nagy, and Kirk did not file their lawsuits within the one-year statute of limitations.

4. *Heck v. Humphrey* bars the claims of Freeman, Fason, Irvin, Nagy, and Kirk.

5. Plaintiffs have not stated a claim for punitive damages; and

6. The intracorporate-conspiracy doctrine bars the Plaintiffs' conspiracy cause of action.

(D.E. 44 at PageID 189.) In their response to the motion, Plaintiffs state in a footnote that they do not dispute the City's assertion that they cannot recover punitive damages from a

municipality. (*See* D.E. 45 at PageID 246 n.10.) In addition, they fail to address the Defendant's intracorporate-conspiracy doctrine argument. Accordingly, as it appears to the Court that Plaintiffs have abandoned any conspiracy claim and their request for punitive damages, those claims are DISMISSED.

At this point, the Court will address the City's remaining arguments seriatim.

False Arrest Claims.

Plaintiffs' claims of false arrest are governed by the Fourth Amendment, which provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation . . ." U.S. Const. amend. IV. The first clause, the Reasonableness Clause, "limits the government's power to search and seize," *Graves v. Mahoning Cty.*, 821 F.3d 772, 774 (6th Cir. 2016). The second, the Warrant Clause, "describes the process officials must undertake before issuing a warrant." *Id.*

In *Graves*, the Sixth Circuit analyzed the "often-tricky interaction" between these two clauses. *Id.* Graves and her fellow exotic dancers were arrested by local police officers at various times on various charges, including prostitution, drug distribution, assault, and witness intimidation. *Id.* In their lawsuit against the municipality, the plaintiffs alleged that the county court clerks, who lacked the constitutional power to issue warrants in the first place, issued warrants that violated the Warrant Clause by rubber-stamping police officers' bare conclusions that the accused committed the offenses for which the warrants

5

were issued. *Id.* at 774-75. This practice, they claimed, resulted in several thousand defective arrest warrants. *Id.* at 775.

While agreeing with the plaintiffs that the police officers' conclusions failed to provide "sufficient information to support an independent probable cause judgment under the Warrant Clause," the court noted that liability under the Fourth Amendment attaches when an arrest is *unreasonable*. *Id.* (emphasis added) (internal quotation marks omitted). That is, "[t]o establish a cognizable Fourth Amendment claim, [a plaintiff] must show a violation not of the *Warrant Clause* but of the *Reasonableness Clause*." *Id.* A violation of the Warrant Clause does not necessarily result in a Reasonableness Clause violation. *Id.* (citing *Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco & Firearms*, 452 F.3d 433, 438 (6th Cir. 2006) (en banc)); *see also Beckham v. City of Euclid*, 689 F. App'x 409, 415 (6th Cir. 2017) (same). It is not enough to show the existence of a defective warrant; rather, one must demonstrate that he or she was *unreasonably seized*. *Graves*, 821 F.3d at 775. This is because "[t]he Fourth Amendment prohibits 'unreasonable searches and seizures,' not warrantless ones." *Id.* (citing *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006)). "It is only when the seizure at issue 'requires a warrant' that the failure to satisfy the Warrant Clause creates a problem." *Id.* at 776 (some internal quotation marks omitted).

"[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being

6

committed."[2] *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "The probable cause determination depends on the reasonable conclusions drawn from the facts known to the arresting officer at the time of the arrest." *United States v. Jimenez,* 654 F. App'x 815, 819 (6th Cir. 2016) (internal quotation marks omitted). Generally speaking, "a policeman's on-the-scene assessment of probable cause provides legal justification for arresting a person suspected of crime," *Gerstein v. Pugh*, 420 U.S. 103, 113-14 (1975), as does the statement of an eyewitness or victim of a crime, *United States v. Shaw*, 464 F.3d 615, 623 (6th Cir. 2006).

In *Graves*, the Sixth Circuit found that the plaintiffs therein never alleged they were arrested without probable cause. *Graves*, 821 F.3d at 776. "Without facts going to this crucial question," the court concluded, "the plaintiffs cannot state a Fourth Amendment § 1983 claim against anyone," including the municipality. *Id.* Here, there is no allegation from which the Court can reasonably infer that a warrant was required to effect the Plaintiffs' arrests. Nor do they allege that their arrests were not based on probable cause and, therefore, were unreasonable. Thus, their unlawful arrest claims must fail, and they are hereby DISMISSED. *See Beckham*, 689 F. App'x at 416 ("No one is liable for a

---

[2]As the *Graves* court pointed out, there are exceptions to this general rule, including an arrest in a home. *Graves*, 821 F.3d at 776. There is no allegation that any of the Plaintiffs were arrested in their residences. This fact clearly distinguishes *Perrin v. City of Elberton, Georgia*, No. 3:03-CV-106(CDL), 2005 WL 1563530 (M.D. Ga. July 1, 2005), relied upon by the Plaintiffs, from the instant case. In *Perrin*, the court began its Fourth Amendment discussion by noting that an arrest warrant was required in the case before it because the seizure took place in the suspect's home. *Perrin*, 2005 WL 1563530, at *5, 8. Thus, the fact that the officer's affidavit in the warrant application was unsworn raised a Fourth Amendment issue. *Id.* at *5-9.

constitutional violation that never occurred. That includes local governments.").

Wrongful Detention Claims.

Plaintiffs aver that their detentions violated the Constitution[3] pursuant to the United States Supreme Court's decision in *Gerstein*. Therein, the Court stated that, while warrantless arrests are permissible, the Fourth Amendment requires that those arrested without a warrant must be brought before a neutral magistrate for a probable cause determination promptly "as a prerequisite to extended restraint of liberty following arrest." *Gerstein*, 420 U.S. at 114, 125. The Court did not, however, define "prompt," leaving it to the individual states to decide how best to integrate the probable cause determination into their existing pretrial procedures. *Id.* at 123-24. Not surprisingly, this vague standard left federal judges to sort through a myriad of wide-ranging city and county practices. In an effort to provide clarification to the issue, the Supreme Court, in *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), held that "a jurisdiction that provides judicial determinations of probable cause within [forty-eight] hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*. *McLaughlin*, 500 U.S. at 56.

In the instant motion, the City argues that, as Cox and Freeman were released from custody the day after their arrests, their detentions did not run afoul of *Gerstein* and *McLaughlin*. By way of response, these Plaintiffs submit that the Defendant misses the

---

[3]These claims have been brought under the Fourth and Fourteenth Amendments. However, the Supreme Court has recognized that "[t]he Fourth Amendment . . . establishes the standards and procedures governing pretrial detention." *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 914-15 (2017) (internal quotation marks omitted). Accordingly, to the extent Plaintiffs seek redress under the Fourteenth Amendment, those claims are DISMISSED.

point of *Gerstein*, insisting that they were not provided a probable cause hearing within forty-eight hours of arrest as required by *McLaughlin* and that the City's assertion might have merit if it had provided a probable cause hearing within forty-eight hours of their arrests and *then* released them.

The sole issue before the *Gerstein* Court was "whether there is probable cause for detaining the arrested person pending further proceedings." *Gerstein*, 420 U.S. at 120. The Supreme Court observed that, while a warrant is not always necessary for an arrest, "[o]nce the suspect is in custody, . . . the reasons that justify dispensing with the magistrate's neutral judgment evaporate," because the arrestee can no longer escape or commit other crimes. *Id.* at 114. The arrested individual's need for a neutral probable cause determination at this juncture increases substantially, as "[p]retrial confinement may imperil the suspect's job, interrupt his source of income, and impair his family relationships." *Id.* Thus, "the detached judgment of a neutral magistrate is essential if the Fourth Amendment is to furnish meaningful protection from *unfounded interference with liberty*." *Id.* (emphasis added).

As the detentions of Cox and Freeman lasted less than forty-eight hours, it appears to the Court that their allegations do not rise to the level of a Fourth Amendment violation. *See Swanigan v. City of Chicago*, 881 F.3d 577, 583 (7th Cir. 2018) ("*McLaughlin* establishes that detentions lasting less than [forty-eight] hours are presumptively lawful and cannot be challenged on the basis of the timespan alone."); *United States v. Norfleet*, 143 F. App'x 645, 652 (6th Cir. 2005) (detention without probable cause hearing did not

ripen into *McLaughlin* violation until after the forty-eight-hour window had closed). Their claims are, therefore, DISMISSED.

Fason, Kirk, Irvin, and Nagy, who were held in custody longer than forty-eight hours, argue that they clearly have adequate *Gerstein* claims, even if Cox and Freeman do not.[4] However, as maintained by the Defendant, their claims are time-barred.

The statute of limitations for § 1983 claims is determined by the applicable limitations period in the state in which the cause of action originated. *Hall v. Spencer Cty., Ky.*, 583 F.3d 930, 933 (6th Cir. 2009). In Tennessee, such claims are governed by the state's one-year statute of limitations for civil rights actions. *See Thomas v. Copeland*, 758 F. App'x 377, 380 (6th Cir. 2018) (citing Tenn. Code Ann. § 28-3-104(a)(1)(B)). The purposes of statutes of limitation are to "promote judicial economy and protect defendant's rights." *Cooey v. Strickland*, 479 F.3d 412, 419 (6th Cir. 2007).

The date upon which the claim accrues is determined by federal law. *Thomas*, 758 F. App'x at 380. "A cause of action does not accrue until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, both his injury and the responsible party." *Hall*, 583 F.3d at 933.

It is the position of the Defendant that any *Gerstein* claims these Plaintiffs may have had accrued when the forty-eight-hour mark of their detentions passed without probable cause hearings. *See Johnson v. Cty. of Paulding, Ga.*, ___ F. App'x ___, 2019 WL

---

[4]In their response, Plaintiffs appear to concede that their position with respect to Cox and Freeman is somewhat tenuous.

3064877, at *2 (11th Cir. July 12, 2019) (per curiam) (holding that *McLaughlin* claim accrues when the forty-eight-hour period expires without a probable cause hearing). As noted herein, Nagy and Irvin were arrested on January 11, 2017; Fason on March 8, 2016; and Kirk on April 8, 2017. Therefore, the statute of limitations on Nagy's and Irvin's claims expired on January 13, 2018; Fason's on March 10, 2017; and Kirk's on April 10, 2018.

Plaintiffs claim, however, that the constitutional violation was not apparent on the face of the warrants. As a consequence, they had no way of knowing, even through reasonable diligence, that their rights had been violated by the issuance of unsworn warrants prior to the publication of a press release on January 18, 2019, in which the district attorney general advised that the Jackson City Clerk or his deputies failed to place affiants for arrest warrants under oath as required by state law. It stated that the deficiencies in the arrest warrant procedure had been ongoing for several years and had affected a number of individuals prosecuted in the Jackson City Court. However, this argument goes to the claims relating to their *arrests*, which the Court has herein concluded did not constitute a Fourth Amendment violation. The deficiencies raised in the press release had nothing whatever to do with the ability of the Plaintiffs to know that they had been held in custody without a probable cause hearing for longer than the time deemed presumptively reasonable under *McLaughlin*. Thus, the discovery rule does not salvage their claims. Accordingly, the wrongful detention claims of Plaintiffs Nagy, Irvin, Fason, and Kirk are untimely and are DISMISSED.

*CONCLUSION*

As the named Plaintiffs have failed to allege a timely constitutional claim, the Defendant's motion for judgment on the pleadings is GRANTED.[5]

IT IS SO ORDERED this 30th day of September 2019.

                                                    s/ J. DANIEL BREEN
                                                  UNITED STATES DISTRICT JUDGE

---

[5] As the Court has determined dismissal of the named Plaintiffs' claims is warranted on other grounds, it need not consider the parties' arguments concerning *Heck*.