IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN F. COX, KELLY FREEMAN, RUFUS IRVING, KEITH FASON, ERNIE KIRK and DAVID NAGI Individually and on behalf of all similarly situated persons, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:19-cv-01026-JDB-jay |
| v. | ) ) | Rule 23 Class Action |
| CITY OF JACKSON, TENNESSEE, | ) ) | |
| Defendant. | ) | |

---

### ORDER PRELIMINARILY APPROVING SETTLEMENT
---

WHEREAS, the Plaintiffs and Defendants have entered into a Settlement Agreement intended to resolve the litigation pending in this Court; and

WHEREAS, the Settlement Agreement, together with supporting materials, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of these actions against the Defendants; and

WHEREAS, the Court has before it the parties' Motion for Preliminary Approval of Settlement and Memorandum in Support of Motion for Preliminary Approval of Settlement, together with the Settlement Agreement and supporting materials; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendant.

IT IS HEREBY ORDERED AS FOLLOWS:

1

1.     Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2.     The terms of the parties' Settlement Agreement are hereby conditionally approved, subject to further consideration thereof at the Final Approval Hearing provided for below. The Court finds that said settlement is sufficiently within the range of reasonableness and that notice of the proposed settlement should be given as provided in this Order.

3.     Pursuant to Fed R. Civ. P. 34 the Court conditionally certifies the following settlement class:

> All persons arrested in Jackson, Tennessee and charged in the Jackson City Court and detainer for more than 48 hours without being provided the constitutionally mandated probable cause determination made by a judge or certified court clerk, or for which there was no other valid basis for detention (e.g., a pending unrelated valid arrest warrant or capias) during the period of January 18, 2016 and January 18, 2019.

4.     The Court further conditionally finds that Plaintiffs Rufus Irving and Keith Fason are adequate Class Representatives for the Settlement Class.

5.     The Court further finds that Plaintiffs' Counsel are adequate Class Counsel.

6     The Court approves the Class Notice of Settlement and Summary Notice for Publication attached hereto as Exhibit A. The Court also approves the Notice Program as set forth in Paragraph IV of the Settlement Agreement.

7.     If the Settlement Agreement is terminated or not consummated for any reason whatsoever, the conditional certification of the Settlement Class shall be void, Defendant shall have reserved all its rights to oppose any and all class certification motions, to contest the adequacy

of Plaintiffs as representatives of any putative class, and to contest the adequacy of Class Counsel as adequate Class Counsel. Additionally, Plaintiffs have reserved all of their rights, including their right to continue with the litigation pending at the time of the settlement.

8. Counsel for the Class ("Class Counsel") are as follows: Michael L. Weinman, of Weinman and Associates in Jackson, Tennessee, J. Russ Bryant, Robert E. Morelli, III and Robert Emmett Turner, IV of Jackson, Shields, Yeiser, Holt, Owen & Bryant of Memphis, Tennessee and J. Colin Morris, Jackson, Tennessee.

9. Beginning no later than February 19, 2021, the Settlement Administrator shall cause to be disseminated the notices, substantially in the form attached as Exhibits A and B hereto, in the manner set forth in Paragraph IV of the Settlement Agreement. Such Notice Program will be completed expeditiously pursuant to the terms of the Settlement Agreement. Class members must file claims on or before **May 20, 2021**. Prior to the Final Approval Hearing, Plaintiffs and/or the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the provisions of this paragraph.

10. The notice to be provided as set forth in the Settlement Agreement is hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Fed R. Civ. P. 23, due process, the Constitution of the United States, the laws of Tennessee and all other applicable laws. The Notices are accurate, objective, informative and provide Settlement Class Members with all the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

*Requests for Exclusion from the Settlement Class*

11.     Any member of the Settlement Class that wishes to be excluded ("opt out") from the Settlement Class must send a written Request for Exclusion to the Settlement Administrator, so that it is received by the Settlement Administrator at the address indicated in the Notice on or before **April 20, 2021**. The Request for Exclusion shall fully comply with the requirements set forth in the Settlement Agreement. Members of the Settlement Class may not exclude themselves by filing Requests for Exclusion as a group or class but must in each instance individually and personally execute a Request for Exclusion and timely transmit it to the Settlement Administrator.

12.     Any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class shall be bound by all the terms and provisions of the Settlement Agreement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the Settlement Fund pursuant to the Settlement Agreement.

*The Final Approval Hearing*

13.     A hearing on final settlement approval (the "Final Approval Hearing") is hereby scheduled to be held before this Court on **July 21, 2021 at 1:30 p.m**., to consider the fairness, the reasonableness, and adequacy of the proposed settlement, the dismissal with prejudice of this class action with respect to the Released Parties that are Defendants herein, and the entry of final judgment in this class action. Class Counsel's application for award of attorney's fees and costs shall be heard at the Final Approval Hearing.

14.     The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice

to the members of the Settlement Class other than that which may be posted by the Court. Class Counsel will advise members of the settlement class of any scheduling issues by way of the settlement website.

15. Any person or entity that does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his or her own attorney. Settlement Class Members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

*Objections to Settlement*

16. Any person who does not elect to be excluded from the Settlement Class may, but need not, submit comments or objections to the proposed Settlement. Any Class member may object to the proposed Settlement, entry of Final Order and Judgment approving the settlement, and Class Counsel's application for fees and expenses by serving a written objection on or before **April 20, 2021**.

17. Any Class member making the objection (an "objector") must sign the objection personally. An objection must state why the objector objects to the proposed Settlement and provide the factual and legal basis to support such position, including any documentation to support the objection. If an objector intends to appear personally at the Final Approval Hearing, the objector must file a Notice of Intention to Appear with the Court and send to Class Counsel and Defendant's Counsel.

18. Objections, along with any notices of intent to appear, must be filed no later than sixty (60) days from the Notice Date. If counsel is appearing on behalf of more than one Settlement Class Member, counsel must identify each such Settlement Class Member and each Settlement Class Member must have complied with the requirements of this Order and the Settlement Agreement. These documents must be filed with the Clerk of the Court at the following address:

Clerk of the Court
U.S. District Court for the Western District of Tennessee, Eastern Division
111 South Highland Ave. Room 262
Jackson, TN 38302

     19.    Objections, along with any notices of intent to appear, must also be mailed to Class Counsel and counsel for Defendant at the address listed below.

CLASS COUNSEL

Michael L. Weinman
Weinman and Associates
P.O. Box 266
Jackson, TN 38302

DEFENSE COUNSEL

John D. Burleson
Rainey, Kizer, Reviere & Bell, P.L.C.
209 East Main Street
P.O. Box 1147
Jackson, TN 38301

     20.    Only Settlement Class Members who have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing.  Any Settlement Class Member who does not timely file and serve an objection in writing to the Settlement, entry of Final Judgment, or to Class Counsel's application for fees, costs, and expenses, in accordance with the procedure set forth in the Class Notice and Settlement Agreement and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

     21.    Persons wishing to be heard at the Final Approval Hearing for reasons other than an objection are required to file written comments and indicate in their written comments or objections their intention to appear at the Final Approval Hearing. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

22. All Settlement Class Members who do not personally and timely request to be excluded from the Class are enjoined from proceeding against Defendant for the claims made in the Complaint.

*Other Provisions*

23. Upon approval of the settlement provided for in this Settlement Agreement, each and every time period and provision thereof shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

24. All reasonable costs incurred in notifying members of the Settlement Class, as well as administering the Settlement Agreement, shall be paid as set forth in the Settlement Agreement.

IT IS SO ORDERED this 20th day of January 2021.

                                                            s/ J. DANIEL BREEN
                                                          UNITED STATES DISTRICT JUDGE